IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | CR 06-01692-TUC-JMR (GEE) |
| Plaintiff, | **REPORT AND RECOMMENDATION** |
| vs. | |
| ALBERTO HERNANDEZ-AMPARAN, | |
| Defendant. | |

The district court referred this case to the magistrate for an evidentiary hearing on allegations the defendant violated conditions of his supervised release. The defendant and his attorney consented in writing to proceed before the magistrate and the evidentiary hearing was held on February 24, 2010. Upon consideration of the evidence presented and the arguments of respective counsel, the magistrate recommends the district court, after its de novo review of the record, find the defendant has violated his conditions of supervised release.

**PROCEDURAL BACKGROUND/CURRENT ALLEGATION:**

Following a jury trial, the defendant was convicted of illegal re-entry. On October 11, 2007, he was sentenced to 33 months of incarceration, to be followed by 36 months of supervised which commenced upon his release from prison on March 25, 2009. On April 30, 2010, a Petition to Revoke Supervised Release was filed alleging the defendant violated his supervised

release when he "entered, attempted to enter, or was found in the United States without authorization on April 9, 2009,...." (See Exhibit 3 attached hereto.)

**EVIDENCE:**

*Beatrice Castillo*

Castillo is employed as a probation officer assistant with the U.S. Probation Office and was assigned to this case after the previously assigned officer left that Office. Castillo testified she had reviewed the defendant's probation file in preparation for the evidentiary hearing. She stated the defendant was sentenced in federal court on October 9, 2007, and 36 months of supervised release was to commence upon his release from incarceration. (See Judgment In A Criminal Case, attached hereto as Exhibit 2.) A special condition of supervised release was imposed to the effect that the defendant was not to reenter the United States without legal authorization. Also on October 9, 2007, the defendant signed a Notice of Certain Supervision Conditions which advised he was not to commit any federal, state, or local crime during the term of supervision, and, if deported, he was not to re-enter the United States without legal authorization. (See Exhibit 1, attached hereto.)

Castillo testified that the defendant was found in this country on April 9, 2009, and was thereafter indicted for illegal re-entry in case number 09-CR-00749-TUC-JMR. Castillo advised that she reviewed the court docket (via CM/ECF) in that case and the docket indicates the defendant went to trial on October 19, 2009, and was found guilty by a jury on October 21st.

On cross-examination Castillo admitted she had not actually reviewed the court documents in 09-CR-00749-TUC-JMR , nor was she present in the courtroom when the jury returned its verdict. She testified she was unable to review the actual jury verdict because it is sealed for some reason.

**DISCUSSION:**

Defense counsel objected to the probation officer's testimony that Amparan was convicted

of illegal re-entry in CR-09-00749 TUC-JMR–i.e., the re-entry which was the predicate for the present supervised release violation. Counsel argues that because Castillo was neither present for the rendering of the verdict and because she has not seen the verdict or the Judgment her testimony is inadmissible hearsay. This court is not persuaded by counsel's argument. Although the jury verdict document is in fact sealed, the court's docket (viewed via EM/ECF) contains a listing for Document 49 (a copy of which is attached hereto) which is Criminal Minutes establishing that on October 21, 2009, the jury returned a verdict of "guilty" and sentencing was set for January 13, 2010. It should also be noted the docket also now contains a "Judgment In A Criminal Case" CR-09-00749-TUC-JMR (Docket 66) dated May 21, 2010 ( a copy of which is also attached hereto).

**RECOMMENDATION:**

In view of the foregoing, the magistrate recommends that the District Court, after is independent review of the record, find the defendant violated the conditions of supervised release as set forth in the petition. Any party may file and serve objections within 14 days after being served with a copy of this Report and Recommendation. If objections are not timely filed the party's right to de novo review may be waived.

This Report and Recommendation is being faxed to all counsel on today's date. The Clerk of the Court is directed to send a copy of this Report and Recommendation to all counsel.

DATED this 19th day of July, 2010.

_____
Glenda E. Edmonds
United States Magistrate Judge